**Ida MUSTACHIO, on behalf of herself and Glen C. Kozubal, Plaintiffs,**

v.

**Joseph CALIFANO, Secretary of Health, Education and Welfare, Defendant.**

Civ. A. No. 78–2166.

United States District Court, D. New Jersey.

March 19; 1980.

---

Joseph Govlick, Orange, N. J., for plaintiffs.

Robert J. DelTufo, U. S. Atty. by Eric L. Chase, Asst. U. S. Atty., Newark, N. J., for defendant.

OPINION

STERN, District Judge.

Plaintiff Ida Mustachio brings this action on behalf of herself and her great-grandson, Glen Kozubal, to challenge the denial of social security benefits by the Secretary of Health, Education and Welfare. Section 202(d)(8) of the Social Security Act, Title 42 United States Code, § 402(d)(8), provides that a "grandchild" adopted by and dependent upon an individual who is eligible for retirement benefits may receive child's insurance benefits. The Secretary, defining "grandchild" as "the child of one's child," held that Glen was not a "grandchild" within the meaning of the statute and therefore not entitled to benefits. We reverse.

Plaintiff Mustachio became eligible to receive retirement insurance benefits in 1966. In 1970, she took custody of her infant great-grandson, Glen Kozubal, when it became clear that his natural parents would not be willing or able to provide him with a good home.[1] She became Glen's sole legal guardian in October 1973, and formally adopted him in July 1977.

On August 9, 1977, plaintiff applied for child's insurance benefits on behalf of her great-grandson. Her application was denied initially and upon reconsideration. Plaintiff requested further consideration on February 22, 1978. She contended that Glen qualified for benefits under Title 42 United States Code, § 402(d)(8).[2] That section provides that a child adopted after an individual becomes entitled to retirement benefits is not entitled to child's insurance benefits *unless he is the grandchild of that individual.* On May 22, 1978, the Administrative Law Judge issued his opinion. Relying on an interpretation issued by the Secretary in 1974,[3] he concluded that Glen was

---

1. Glen's natural parents have not been in contact with him since he was ten months old, and have provided him with no support whatsoever.

2. Title 42 United States Code, § 402(d) provides in pertinent part:

(8) In the case of—

(A) an individual entitled to old-age insurance benefits . . . a child of such individual adopted after such individual became entitled to such old-age . . . benefits shall be deemed not to meet the requirements [for child's insurance benefits] unless such child

. . .

(D)(i) was legally adopted by such individual in an adoption decreed by a court of competent jurisdiction within the United States,

(ii) was living with such individual in the United States and receiving at least one-half of his support from such individual (I) if he is an individual referred to in subparagraph (A), for the year immediately before the month in which such individual became entitled to old-

age insurance benefits . . . or, (III) if he is an individual referred to in . . . subparagraph (A) . . . and the child is the grandchild of such individual or his or her spouse, for the year immediately before the month in which such child files his or her application for child's insurance benefits, and

(iii) had not attained the age of 18 before he began living with such individual.

3. The . . . legislative history of the statutory provision in question indicates that the amendment, as passed, was to have only limited application. Throughout consideration and discussion of the amendment, the class of children to be affected was consistently and exclusively referred to and described as "grandchildren". There is nothing to indicate that this term was to acquire any meaning other than that in ordinary usage.

The term "grandchild" is defined as the child of one's child and as a descendant of the second degree. A great-grandchild is defined as the child of one's grandchild. Or-

not a "grandchild" and therefore was not entitled to benefits:

> There is substantial evidence that Mrs. Mustachio has treated Glen as her son and that he considers her his mother. . . . Statements of friends and family members, as well as observation of Administration employees, attest to the love and responsibility exhibited by Mrs. Mustachio. . . . In a report of contact dated December 30, 1975, a claims representative observed that Glen referred to Mrs. Mustachio as "Mom" and commented upon the affectionate relationship between Glen and Mrs. Mustachio. All of the evidence gathered by the Administration establishes that Mrs. Mustachio has attended to Glen's religious, medical and educational needs, has provided him with a loving home and as a consequence, Glen considers her his mother. . . .
>
> It is with reluctance that I conclude that neither the provision relating to entitlement of benefits for grandchildren, nor the provision relating to entitlement for adopted children applies to Glen Kozubal.

This decision became the final decision of the Secretary when it was approved by the Appeals Council on July 3, 1978. Title 42 United States Code, § 405(g); 20 C.F.R. § 404.951.

The Social Security Act provides for monthly cash payments to eligible retired persons, see Title 42 United States Code, § 402(a), and for payments to certain other persons on the basis of the earnings record of an eligible retired worker. The latter payments are called "secondary benefits" and include child's insurance benefits payable to dependent children of individuals entitled to receive retirement benefits. Title 42 United States Code, § 402(d).

In general, the Social Security Act does not provide for child's insurance benefits to children adopted after the wage earner became entitled to benefits. Title 42 United States Code, § 402(d)(8).[4] This exclusion was intended to prevent "abuse of the secondary benefit scheme by denying benefits to children who might be adopted solely to qualify them for such benefits." *Clayborne v. Califano*, 603 F.2d 372, 377 (2nd Cir. 1979).

In 1973 Congress amended the Social Security Act to create a limited exception to the general rule: If a child adopted after an insured individual's entitlement to benefits is the "grandchild" of the insured individual or his or her spouse, the dependency requirements for secondary benefits will be satisfied if the child was living with and receiving one-half of his support from the insured individual during the year immediately preceding the *child's* application for benefits. Title 42 United States Code, § 402(d)(8)(D)(ii)(III). The 1973 amendment was introduced from the floor of the Senate by Senator Robert C. Byrd. He proposed making after-adopted children eligible for secondary benefits if they were dependent upon an insured individual for one year prior to the application. His proposed amendment would:

> primarily benefit grandparents, who have adopted or will adopt a child to provide that child with a stable home environment, after the child has been either born

---

dinarily, words in a statute should be given their plain and usual meaning, absent a contrary legislative intent. In the absence of evidence of any intention by the Congress to extend the word "grandchild" to include great-grandchildren or more remote descendants *held*, the word "grandchild" as used in section 202(d)(8)(D)(ii) should not be construed to include a great-grandchild. S.S.R. 74–24 (1974). *See also Johnson v. Califano*, 462 F.Supp. 656, 659–60 (D.Kan.1978) (only grandchildren, not great-grandchildren, eligible for secondary benefits). We respectfully decline to follow this precedent.

**4.** Title 42 United States Code, § 402(d)(8) provides child's insurance benefits to a child adopted after his parent becomes entitled to benefits only if he had been living with and receiving one-half his support from a wage earner for the year before the *wage earner* became entitled to receive benefits. Most after-adopted children, including Glen Kozubal, are excluded from secondary benefits under this provision because, by definition, they could not have been receiving support for a time period before their birth.

out of wedlock, or into an extremely troubled or unstable home situation. In such cases the grandparents are ineligible for public welfare for support of the child, and in most cases, the only source of support for the child is the adopting parents' social security check.

119 Cong.Rec. 21658 (1973) (remarks of Sen. Byrd). Senator Byrd's proposal was included in the Senate bill but not included in the bill passed by the House of Representatives.

In conference with the House, a substitute amendment, later enacted as section 240 of P.L. 93–66, was agreed upon. The House conferees explained the substitution:

> The third modification in the Senate amendment, relating to the eligibility of adopted children, would also have had a significant cost. The modification . . . is in the nature of a substitute amendment which the conferees believe will make it possible for benefits to be paid to children who are adopted after a beneficiary is entitled to benefits in the most compelling cases without permitting children to be adopted for the sole purpose of increasing social security payments as the Senate amendment would have done. The proposed change would make it possible for social security beneficiaries to adopt grandchildren without the requirement that the child must have lived with them and been supported by them for a year before they became entitled to benefits but would require that the children have lived with and been supported by them for a year before the child becomes entitled to a social security benefit.

119 Cong.Rec. 22395 (1973) (remarks of Rep. Mills). The Senators on the conference committee gave the following explanation of the amendment:

> A proposal suggested by Senator Byrd of West Virginia would have eliminated the requirement in present law that an adopted child, in order to be eligible for social security benefits, have lived with his adoptive parent at least 1 year before

the parent retired or became disabled. The Senate bill this time included a limited version of this that the conferees had earlier agreed to. Under the provision agreed to by the conferees, a child adopted by his grandparents will be eligible for social security benefits if he has lived with his grandparents—whether or not they are receiving benefits—and if his natural parents are dead or disabled.

119 Cong.Rec. 22606 (1973) (remarks of Sen. Long).

This is a clear example of the situation Congress sought to remedy. Plaintiff has taken her great-grandchild, Glen Kozubal, from a troubled family and provided him with a stable home. She adopted Glen in the normal course of human relationships and not for the purpose of receiving public assistance. The legislative history indicates that Congress passed the "grandchild" exception to ensure that individuals are able to care for direct descendants they have adopted. We see no evidence that Congress intended to provide benefits to grandchildren but not to great-grandchildren. Abuse of the social security system is no more likely to occur in one case than the other. To adopt the narrow interpretation propounded by the Secretary would frustrate the purposes of the 1973 amendment.

Accordingly, the determination of the Secretary is reversed and remanded with instructions to award plaintiff child's insurance benefits.[5]

---

5. Plaintiff also challenges the interpretation of the Secretary on the ground that, if correct, the provision would violate the Due Process and Equal Protection Clauses of the Constitution. In view of our holding, we need not reach these contentions.