Jessica SIMMONS and Ricky L. Simmons, by next friend, Wilma M. SIMMONS (Oria B. Simmons, 232–18–7093), Plaintiffs,

v.

Margaret HECKLER, Secretary of Health and Human Services, Defendant.

Civ. A. No. 83–A040.

United States District Court, S.D. West Virginia, Parkersburg Division.

Sept. 6, 1984.

William L. Jacobs, Parkersburg, W.Va., for plaintiffs.

Marye L. Wright, Asst. U.S. Atty., Charleston, W.Va., for defendant.

## MEMORANDUM OPINION AND ORDER

HADEN, Chief Judge.

This is an action pursuant to Section 205(g) of the Social Security Act, 42 U.S.C. § 405(g), seeking review of the final decision of the Secretary of Health and Human Services denying Plaintiffs' application for child insurance benefits as the adopted great-grandchildren of the wage earner, Oria B. Simmons, under the provisions of 42 U.S.C. § 402(d)(8)(D)(ii). On January 17, 1984, this action was referred to the Honorable Jerry D. Hogg, United States Magistrate, who was designated to consider the pleadings and evidence therein and to submit to this Court his proposed findings of fact and recommendations for disposition. The Magistrate recommends that the decision of the Secretary be reversed and that the Plaintiffs' motion for summary judgment be granted. The Secretary objects.

The Magistrate was persuaded by the reasoning of the court in *Mustachio v. Califano,* 486 F.Supp. 222 (D.C.N.J.1980), one of only two reported cases addressing this issue. After reviewing the legislative history and the reason for the statutory language in question, the court in *Mustachio* found no evidence that Congress intended to provide benefits to grandchildren but not to great-grandchildren. *See Id.* at 225.

The Court disagrees. In general, the Social Security Act does not provide for benefits to children adopted after the wage earner became entitled to benefits unless they were living with the insured and receiving at least one-half of their support from the insured for the year before the insured became entitled to benefits. 42 U.S.C. § 402(d)(8)(D)(ii). This provision "prevents abuse of the secondary benefit scheme by denying benefits to children who might be adopted solely to qualify them for such benefits." *Clayborne v. Califano,* 603 F.2d 372, 377 (2d Cir.1979). The Social Security Act was amended in 1973 to allow after-adopted grandchildren to be eligible for secondary benefits if they have lived

with the insured and received at least one-half of their support from the insured for a one year period prior to application. 42 U.S.C. § 402(d)(8)(D)(ii)(III). The amendment did not include other after-adopted children because to do so would have had a significant cost. *See Mustachio v. Califano,* 486 F.Supp. 222, 225 (D.C.N.J.1980) (citing the remarks of Representative Mills). In *Mustachio* the court noted that abuse of the Social Security system is no more likely to occur in the case of great-grandchildren than in the case of grandchildren. *Id.* at 225. Nevertheless, the inclusion of great-grandchildren in the amendment would have resulted in the additional costs to the Social Security system with which Congress was concerned.

 It is apparent that cost was a significant factor in limiting this amendment to include only grandchildren, and it is reasonable to conclude that had Congress intended that great-grandchildren be entitled to benefits it would have said so. A grandchild is defined as the child of one's child, *Black's Law Dictionary,* 629, 5th Ed. (1979) and there is nothing to indicate that the term grandchild was to mean anything other than that in ordinary usage. Exceptions to the plain language of a statute will be implied only to prevent absurd results or consequences contrary to the legislative intent. *U.S. v. Rutherford,* 442 U.S. 544, 552, 99 S.Ct. 2470, 2475, 61 L.Ed.2d 68 (1979).

The Secretary has defined the term grandchild as the natural child, adopted child, or step-child of a person who is the insured's child. 20 C.F.R. § 404.358(a). Furthermore, in Social Security ruling 74–24 the Secretary held that the term grandchild as used in Section 402(d)(8)(D)(ii) was not intended to include a great-grandchild. The construction given by the Secretary is entitled to substantial deference, *see U.S. v. Rutherford,* 442 U.S. 544, 553, 99 S.Ct. 2470, 2476, 61 L.Ed.2d 68 (1979), and the Court sees no reason to question that construction in this case.

Therefore, the determination of the Secretary is affirmed, and the Plaintiffs' motion for summary judgment is denied.

The Clerk is directed to send a certified copy of this Memorandum Opinion and Order to counsel of record.